IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JERMAINE HALL,**

**Petitioner,**

vs.

**WILLIAM SCHWARTZ,**

**Respondent.**                                    Case No. 15-cv-00232-DRH

MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Jermaine Hall, who is a pretrial detainee in the Jackson County Jail ("Jail"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241. Hall seeks an order compelling Illinois First Circuit Judge William Schwartz to dismiss all charges against him in three pending criminal matters (Doc. 1). *See People v. Hall*, Case No. 2015-cm-61 (1st Cir.); *People v. Hall*, Case No. 2015-cf-40 (1st Cir.); *People v. Hall*, Case No. 2014-cf-454 (1st Cir.). Hall also seeks immediate release from Jail.

This matter is now before the Court for preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas

corpus cases. As discussed in more detail below, Hall is not entitled to relief under Section 2241. Accordingly, the petition shall be **DISMISSED**.

## I. Habeas Petition

In the petition, Hall explains that his efforts to file a motion to dismiss three criminal cases were thwarted by the Jackson County Clerk of Court (Doc. 1, pp. 1-2). The Clerk initially refused to file Hall's motion on February 8, 2015, after his roommate attempted to file the motion on his behalf instead of Hall's attorney (Doc. 1, p. 1). His attorney then claimed to file it on February 16, 2015, but Hall later learned that it was never actually filed (Doc. 1, p. 2). As a result, he fired his attorney. Hall now seeks dismissal of all criminal charges against him and immediate release from the Jail (Doc. 1, p. 2).

## II. Discussion

In this case, Hall challenges his state criminal proceedings. Hall's only basis for relief is his perceived inability to file a single motion to dismiss. By all indications, Hall's three state proceedings are currently pending.

The *Younger* doctrine forbids federal courts, under most circumstances, from enjoining an ongoing state criminal proceeding. *Younger v. Harrison*, 401 U.S. 37 (1971). *See also Gakuba v. O'Brien*, 711 F.3d 751 (7th Cir. 2013); *Am. Civil Liberties Union of Ill. v. Alvarez*, 679 F.3d 583, 594 (7th Cir. 2012). Federal courts must abstain from interfering with state court criminal proceedings involving important state interests, as long as the state court provides an opportunity to raise the federal claims and no "exceptional circumstances"

exist. *Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007). Exceptional circumstances have been found in instances where irreparable damage would occur, such as prosecutorial harassment and bad faith or speedy trial and double jeopardy claims, but only where the petitioner has first exhausted his available state court remedies. *Younger*, 401 U.S. at 43, 49; *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489-92 (1973) (collecting cases). The petition describes no exceptional circumstances. Therefore, this Court must abstain from intruding into the State's criminal process under such circumstances.

The *Younger* doctrine deprives this Court of jurisdiction. The Court will not reach the merits of the petition. Accordingly, the Section 2241 petition shall be dismissed. However, dismissal of this pretrial petition shall be without prejudice to any other habeas petition that Hall may file. *See Jacobs v. McCaughtry*, 251 F.3d 596, 597-98 (7th Cir. 2001) (pretrial habeas petition falls within the ambit of Section 2241 and, consequently, should not be counted under 28 U.S.C. § 2244 when considering subsequent and possibly successive petition(s)).

### III. Disposition

**IT IS HEREBY ORDERED** that, for the reasons set forth above, the instant habeas petition is **DISMISSED without prejudice** to any other habeas corpus petition that Hall may file.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal

with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. See FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day[1] appeal deadline. To appeal the dismissal of a Section 2241 petition, it is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: March 25, 2015**

Digitally signed by David R. Herndon
Date: 2015.03.25 19:29:10 -05'00'

_____
**District Judge**

---

[1] A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e).